**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

Dennis Granlund, Civil No. 00-1372 DWF/AJB

Plaintiff,

v. **ORDER ON MOTION**

Air Line Pilots Association, International,

Defendant.

---

The above matter came before the Court on Plaintiff's Motions to Amend Plaintiff's Complaint. Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion to amend is **denied** [Docket No. ].

Dated: 8/21/00

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Plaintiff moves to amend his complaint to include Count 8, seeking vacation of an arbitration award and Count 9, alleging a violation of the Minnesota Human Rights Act. Air Line Pilots Association, International (ALPA) argues that this request should be denied because, *inter alia*, the amendments would be futile.

After an answer has been filed in a case, a plaintiff "may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires." FED. R. CIV. P.

FILED AUG 21 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

15(a). Justification for denying a motion to amend includes futility of the amendment. Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (citation omitted). However, futility should not be the basis for denying a motion to amend unless the new claim is clearly frivolous. Becker v. Univ. of Nebraska at Omaha, 191 F.3d 904, 908 (8th Cir. 1999) (citation omitted).

**Plaintiff's Proposed Count 8**

The thrust of proposed Count 8 is that the arbitration decision should be vacated because it contradicts the "second opinion" provision of an agreement between Northwest Airlines and ALPA.

Three cases cited by Plaintiff support the proposition that an arbitration award may be vacated when the award does not derive its essence from the agreement or when the plain language of the agreement is ignored. Excel Corp. v. United Food and Commercial Workers Int'l Union, Local 431, 102 F.3d 1464, 1467 (8th Cir. 1996); Beacon Journal Publ'g Co. v. The Akron Newspaper Guild, Local Number 7, 114 F.3d 596, 600 (6th Cir 1997); Keebler Co. v. Milk Drivers and Dairy Employees Union, Local No. 471, 80 F.3d 284, 287 (8th Cir. 1996).

Before comparing the arbitration decision to the agreement, it is logical to first ask what agreement was before the arbitrator. It is at this point that Plaintiff's proposed second amended complaint reveals its own shortcomings. Plaintiff's complaint alleges that ALPA and Northwest Airlines entered into an agreement which contains a "second opinion" provision. But according to Plaintiff's complaint, this agreement was supplemented by a verbal understanding which precluded a second opinion in his case.

It is important to note that (1) plaintiff's complaint alleges that ALPA and Northwest Airlines (but not Plaintiff) were parties to the agreement and (2) the existence of the verbal understanding is not contested. This is important because an arbitrator is allowed to look to sources other than the agreement for purposes of construing the agreement, even if the terms of

the agreement are superficially clear. Ozark Air Lines, Inc. v. Air Line Pilots Ass'n, Int'l, 744 F.2d 1347, 1352-53 (8th Cir. 1984) (citations omitted). If Northwest Airlines and ALPA agree that their own agreement does not contemplate a second opinion in Plaintiff's case, the arbitrator could not have been in any place to decide otherwise.

As a final note, Plaintiff cited another case (Williams v. Molpus, 171 F.3d 360 (6th Cir. 1999) but the Court concludes that this case provides no support for his position. The claim in Count 8 is clearly futile.

**Plaintiff's Proposed Count 9**

Plaintiff's charge with the Minnesota Department of Human Rights was dismissed in a letter dated April 6, 1999. Plaintiff had 45 days within which to file a civil action. MINN. STAT. § 363.14. Plaintiff's motion to amend, dated July 4, 2000, clearly misses the 45-day deadline.

However, the filing deadline in MINN. STAT. § 363.14 may be equitably tolled. Raygor v. University of Minnesota, 604 N.W.2d 128, 133 (Minn.Ct. App. 2000) (citation omitted). Plaintiff bears the burden to show that he is entitled to equitable tolling. Id. When considering whether a party is entitled to equitable tolling, "[f]actors to consider include prejudice to a defendant and the conduct of the plaintiff." Id.

In this instance, although the Court does not conclude that Defendant would be prejudiced by adding the Minnesota Human Rights claim— because the claim is essentially the same as Count 2 and would not require additional discovery—there is no apparent excuse for Plaintiff's failure to meet the 45-day deadline. Therefore, the Court concludes that Plaintiff is not entitled to equitable tolling and in turn concludes that Plaintiff's Minnesota Human Rights claim is time barred, rendering this claim clearly futile.