**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Dennis A. Granlund,

Plaintiff,

v.

Air Line Pilots Association International,

Defendant.

Civil No. 00-1372 DWF/AJB

**ORDER ON MOTIONS TO COMPEL DISCOVERY**

This matter is before the Court, Magistrate Arthur J. Boylan, on plaintiff's motion to compel discovery [Docket No. 47] and on defendant's motion to compel discovery [Docket No. 57]. Hearing was held on September 11, 2000, at the U.S. Courthouse, 316 No. Robert Street., St. Paul, Minnesota. Plaintiff Dennis A. Granlund appeared pro se. Robert V. Atmore, Esq., appeared on behalf of the defendant. Plaintiff's motion seeks an order requiring full and complete answers to interrogatories, document requests, and admissions to which defendant has previously responded. Defendant's motion seeks an order compelling initial responses to discovery.

Based upon the file, memorandums, affidavits, and arguments of counsel, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to compel discovery is **granted in part and denied in part** [Docket No. 47].

FILED SEP 27 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. Defendant's motion to compel initial responses to discovery requests is **granted** [Docket Nos. 57]. Plaintiff shall have until October 9, 2000, to provide responses to defendant's discovery requests.

3. Defendant shall serve plaintiff with signed answers to interrogatories, a privilege log, and a document identification therein associating responsive documents to particular production requests, on or before October 9, 2000.

4. Defendant generally objects to plaintiff's discovery, asserting that requested information and materials relating to circumstances of other pilots with other medical conditions, as well as materials relating to pilot pass privileges, are outside the scope of claims in this case and are therefore not relevant or reasonably calculated to lead to discovery of admissible evidence. Defendant's general objection is sustained in part and overruled in part, as specifically indicated below with respect to individual discovery requests.

5. Defendant shall provide additional responses to plaintiff's **Interrogatories** as indicated herein:

a. **Interrogatory No. 1.** Plaintiff requests identification of persons answering the interrogatories. The identification has been provided and the request is moot.

b. **Interrogatory No. 2.** Plaintiff seeks identification of defendant's potential trial witnesses. Defendant asserts that it has not yet identified its witnesses. Defendant shall identify its potential trial witnesses on or before April 1, 2001.

c. **Interrogatory No. 3.** Plaintiff seeks a detailed description of the subject matter of the testimony of defendant's potential trial witnesses. Defendant again asserts that it has not yet identified its witnesses. Defendant shall identify its trial witnesses and shall provide a summary description of the subject matter of the testimony of each witness on or before April 1, 2001.

d. **Interrogatory No. 4.** Plaintiff seeks further identification of additional persons having information relating to claims in this case or who have been interviewed regarding this case. It is the Court's determination that the interrogatory has been sufficiently answered. The request is denied.

e. **Interrogatory No. 5.** Plaintiff seeks identification of defendant's expert witness, along with opinions and underlying support. Defendant asserts that it has not identified witnesses. Defendant shall identify any expert witnesses on or before December 1, 2000, in accordance with the Pretrial Scheduling Order.

f. **Interrogatory No. 6.** Plaintiff moves for identification of documents relevant to issues in this case. Defendant asserts that the applicable documents have been produced. The Court finds that the production is sufficient, subject to defendant's agreement and the Court's Order that defendant provide documentation which identifies those documents which are responsive to particular production requests.

g. **Interrogatory No. 7.** Plaintiff seeks identification of documents reviewed in the preparation of interrogatory answers. Defendant shall respond with particularity and, pursuant to its own agreement, defendant shall provide documentation which identifies those documents which are responsive to particular production requests.

h. **Interrogatory No. 8.** Plaintiff seeks identification of all facts and documents which support defendant's denial or defenses to claims in this case. Defendant's response is sufficient and the motion is denied.

i. **Interrogatory No. 9.** Plaintiff requests particularized information relating to allegations of abuse of pilot pass privileges. The Court finds that the request seeks disclosure of materials that are not relevant to this action and not likely to lead to discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The motion is denied.

j. **Interrogatory No. 10.** Plaintiff requests identification of pilots who have asserted certain rights to a medical opinion under the collective bargaining agreement. Defendant has stated objections but has further provided an adequate response. The motion is denied.

k. **Interrogatory No. 11.** Plaintiff seeks identifications and particularized information regarding pilots who have refused to comply with any Northwest Airlines management directive or direct order. Defendant asserts that the interrogatory is overly broad with respect to the scope of

disciplinary cases to which it may apply as well as the time period which might be included. Plaintiff insists that the discovery applies to his claim that ALPA breached a duty of fair representation. Upon review of the Amended Complaint, and the allegations and counts alleged therein, the Court finds the interrogatory is exceptionally over broad and seeks material which is not relevant and is not reasonably calculated to lead to the discovery of evidence that is admissible with respect to claims in this action.

l. **Interrogatory No. 12.** Plaintiff moves for an answer identifying all pilots known to defendant who have been directed to a facility for assessment of chemical dependency, but resulted in an assessment of no dependency. The Court finds that the request seeks disclosure of materials that are not relevant to claims in this action and not likely to lead to discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The request is denied.

m. **Interrogatory No. 13.** Plaintiff moves for identification and particulars regarding all grievance filed since 1989. Defendant asserts the discovery is unduly burdensome and not reasonably likely to lead to admissible evidence. The Court finds that the request seeks disclosure of materials that are not relevant to claims in this action and not likely to lead to discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The request is denied.

n. **Interrogatory No. 14.** Plaintiff requests identification of persons involved in the negotiation of Section 15 of specified collective bargaining agreements. Defendant has responded to the interrogatory and has further indicated that the response will be supplemented if additional persons are subsequently identified. Defendant shall supplement its interrogatory answer as necessary and shall endeavor to provide a complete and final answer on or before November 1, 2000.

o. **Interrogatory No. 15.** Plaintiff seeks information relating to Mark W. Innerbichler, a Northwest Airlines employee. Defendant contends that the requested material is personal and confidential and is not relevant. The Court finds that the motion seeks disclosure of materials that are not relevant to claims in this action and not likely to lead to discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The request is denied.

p. **Interrogatory No. 16.** Plaintiff seeks information relating to Blaine P. McKinney, a Northwest Airlines employee. Defendant contends that the requested material is personal and confidential and is not relevant. The Court finds that the motion seeks disclosure of materials that are not

relevant to claims in this action and not likely to lead to discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The request is denied.

q. **Interrogatory No. 17.** Plaintiff seeks information relating to Howard W. Attarian, a Northwest Airlines employee. Defendant contends that the requested material is not relevant and not within defendant's scope of knowledge. The Court finds that the motion seeks disclosure of materials that are not relevant to this action and not likely to lead to discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The request is denied.

r. **Interrogatory No. 18.** Plaintiff seeks information relating to an unidentified Northwest Airlines pilot who was allegedly involved in an incident in Boston, Massachusetts. Defendant contends that the requested material is not relevant to claims in this case. The Court finds that the motion seeks disclosure of materials that are not relevant and not likely to lead to discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The request is denied.

s. **Interrogatory No. 19.** Plaintiff seeks information relating to an unidentified Northwest Airlines pilot who was allegedly involved in a incident in La Crosse, Wisconsin, in 1995. Defendant contends that the requested material is personal and confidential and is not relevant. The Court finds that the motion seeks disclosure of materials that are not relevant to claims in this action and not likely to lead to discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The request is denied.

6. Defendant shall provide materials pursuant to **Requests for Production of Documents** as indicated herein:

a. **Request No. 1.** Plaintiff seeks documents identified in answers to interrogatories. Defendant objects to the discovery but agrees to produce responsive documents that are not privileged or work product. Defendant shall produce the responsive documents on or before October 31, 2000. Privileged and work product materials shall be identified in a privilege log.

b. **Request No. 2.** Plaintiff seeks production of defendant's trial exhibits. Defendant objects to the discovery but agrees to produce responsive documents when they have been identified. Defendant shall identify and produce the responsive documents on or before April 1, 2000.

c. **Request No. 3.** Plaintiff moves for production of documents reviewed in preparation of answers to interrogatories. Defendant asserts privilege and lack of relevance but refers plaintiff to its previous document production. Defendant's production is sufficient and the motion is denied.

d. **Request No. 4.** Plaintiff requests documents reflecting statements made by any person relating to designated provisions of collective bargaining agreements. Defendant objects to the request as vague, over burdensome, and directed towards obtaining information that is not relevant to this lawsuit. It is the Court's determination that the request seeks discovery of materials that are not relevant to this action and not likely to lead to discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

e. **Request No. 5.** Plaintiff seeks documents relating to the allegations, denials and affirmative defenses alleged in the answer. Defendant agrees to produce documents that are not subject to attorney-client privilege. Defendant shall produce responsive materials on or before October 31, 2000. Privileged and work product materials shall be identified in a privilege log.

f. **Request No. 6.** Plaintiff requests production of documents which identify expert witnesses. Defendant asserts that no expert has yet been designated. Defendant shall identify any expert witness on or before December 1, 2000, in accordance with the Pretrial Scheduling Order.

g. **Request No. 7.** Plaintiff seeks documents relating to the subject matter on which persons identified in Request No. 6 may testify. Expert reports likewise shall be disclosed on or before December 1, 2000, pursuant to the Pretrial Scheduling Order.

h. **Request No. 8.** Plaintiff moves for documents relating to Michael J. Fay. Defendant contends that the material is not relevant. The Court finds that the request seeks disclosure of materials that are not relevant to this action and not likely to lead to discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The request is denied.

i. **Request No. 9.** Plaintiff moves for documents relating to Norman Lyle Prouse. Defendant contends that the material is not relevant. The Court finds that the request seeks disclosure of materials that are not relevant to this action and not likely to lead to discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The request is denied.

j. **Request No. 10.** Plaintiff moves for documents relating to Joseph E. Vallee. Defendant contends that the material is not relevant. The Court finds that the request seeks disclosure of materials that are not relevant to this action and not likely to lead to discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The request is denied.

k. **Request No. 11.** Plaintiff moves for documents relating to Ann Hagfors. Defendant contends that the material is not relevant. The Court finds that the request seeks disclosure of materials that are not relevant to this action and not likely to lead to discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The request is denied.

l. **Request No. 12.** Plaintiff requests documents relating to investigations involving allegations of abuse of pilot pass privileges. Defendant asserts that the material is not relevant to this suit. The Court finds that the request seeks disclosure of materials that are not relevant to this action and not likely to lead to discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The request is denied.

m. **Request No. 13.** Plaintiff moves for documents reflecting situations in which pilots have not been disciplined for abuse of pilot pass privileges. Defendant contends that the material is not relevant. The Court finds that the request seeks disclosure of materials that are not relevant to this action and not likely to lead to discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The request is denied.

7. Defendant shall respond to **Requests for Admissions** as indicated herein:

a. **Request No. 1.** Plaintiff seeks an admission relating to a report by Dr. Kent E. Neff dated May 21, 1997. Defendant asserts that its response to the admission request is sufficient and the Court agrees. The motion is denied.

b. **Request No. 5.** Plaintiff seeks an admission relating to Section 15.D of the collective bargaining agreement. Defendant asserts that its response to the admission request is sufficient and the Court agrees. The motion is denied.

c. **Request No. 7.** Plaintiff seeks an admission relating to appeals pursuant to collective bargaining agreements. Defendant asserts that its response to the admission request is sufficient and the Court agrees. The motion is denied.

d. **Request No. 9.** Plaintiff requests an admission regarding whether he was notified of an arbitrator's opinion and award. Defendant asserts that it does not have sufficient information to admit or deny but indicates that its investigation is continuing. Defendant has provided a factual response in this regard which may have binding effect as an admission but shall be subject to supplementation prior to termination of discovery.

Dated: 9/27/00

Arthur J. Boylan
United States Magistrate Judge