**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Dennis A. Granlund,

Plaintiff,

v.

Air Line Pilots Association International,

Defendant.

Civil No. 00-1372 DWF/AJB

**ORDER ON MOTION TO COMPEL DISCOVERY**

This matter is before the Court, Magistrate Arthur J. Boylan, on defendant's motion to compel discovery [Docket No. 76]. Hearing was held on December 4, 2000, at the U.S. Courthouse, 316 No. Robert Street., St. Paul, Minnesota. Plaintiff Dennis A. Granlund appeared pro se by telephone. Robert V. Atmore, Esq., and Elizabeth A. Ginsburg, Esq., appeared on behalf of the defendant.

Based upon the file, memorandums, affidavits, and arguments of plaintiff and counsel, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to compel discovery is **granted** [Docket No. 76] as further provided in this Order.

2. Plaintiff shall appear for his deposition to be conducted on December 14, 2000, and December 15, 2000, at the Minneapolis, Minnesota, offices of Lindquist & Vennum, 4200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402. Depositions shall commence each day at 8:00 a.m. and shall continue until no later than 5:00 p.m. each day. Examination shall be limited to no more than 8 hours each day. One hour, between noon and 1:00 p.m., shall be allowed for lunch each day and one 15 minute break shall be taken in the morning and in the

DEC 07 2000
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

afternoon of each day. Parties are advised that the Court will be available by telephone to resolve any disputes that may arise during the deposition.

3. Plaintiff shall provide full and complete responses and shall produce all releases and authorizations responsive to defendant's First Request to Produce Medical Authorizations on or before December 12, 2000. Specifically, plaintiff shall execute and deliver releases permitting defendant to obtain physicians' records and medical certification records in possession of the Federal Aviation Administration and plaintiff's medical files in possession of the United States Air Force.

4. Plaintiff shall provide full and complete answers to the First Set of Interrogatories from Defendant Air Line Pilots Association. Answers shall be served on defendant on or before December 12, 2000. In particular, plaintiff shall:

a. Provide descriptions of anticipated testimony of trial fact witnesses as requested in Interrogatory No. 1;

b. Identify the nature of the alleged disability and provide facts supporting his claim of disability as requested in Interrogatory No. 3;

c. Identify or provide documentation to support his response regarding medical certifications as requested in Interrogatory No. 4;

d. Provide the information regarding visits to healthcare providers, including locations of examinations, diagnosis, prognosis and courts of treatment prescribed, and shall identify or provide documents as requested in Interrogatory No. 5. Plaintiff's objection is overruled;

e. Identify the factual and legal basis for his Paragraph 25 allegation as requested in Interrogatory No. 9;

f. Identify all flight hours since May 21, 1997, with particulars as requested in Interrogatory No. 10. Plaintiff's objection is overruled;

g. Identify and provide the documents and statements regarding Hazelden as referenced in his answer and as requested in Interrogatory No. 11;

h. Provide the factual support and identify documents relating to a retaliation claim as requested in Interrogatory No. 13. Reference to the amended complaint is insufficient;

i. Provide the factual support and identify particular grievances, policies and related documents as requested in Interrogatory No. 14. Reference to the amended complaint is insufficient;

j. Provide a full and complete answer as requested in Interrogatory No. 15. Reference to the amended complaint is insufficient;

k. Provide a full and complete answer as requested in Interrogatory No. 16. Reference to the amended complaint is insufficient;

l. Provide a full and complete answer as requested in Interrogatory No. 17. Reference to the amended complaint is insufficient;

m. Provide a full and complete answer as requested in Interrogatory No. 18. Reference to the amended complaint is insufficient;

n. Describe with particularity the relief requested in the first prayer for relief as requested in Interrogatory No. 19. Plaintiff's objection is overruled, though plaintiff is not required to provide a verbatim proposed order;

o. Provide dollar amounts for wage loss and benefits claims and provide supporting documentation as requested in Interrogatory No. 20;

p. Identify damages and provide documentation as requested in Interrogatory No. 21;

q. Identify with specificity and summarize discussions with ALPS representatives regarding his termination grievance and provide documents as requested in Interrogatory No. 23;

r. Identify communications between plaintiff and FAA representatives relating to medical certification and identify documents as requested in Interrogatory No. 24. Plaintiff's privilege objection is overruled;

s. Describe all employment since Northwest termination and identify documents as requested in Interrogatory No. 25;

t. Describe efforts at seeking employment and identify documents as requested in Interrogatory No. 26. Plaintiff's objection based upon the number of interrogatories is overruled;

u. Describe income and sources since Northwest termination and identify documents as requested in Interrogatory No. 27. Plaintiff's objection based upon the number of interrogatories is overruled;

v. Describe medical and psychiatric treatments since January 1, 1996, with particularity, and identify documents as requested in Interrogatory No. 28. Plaintiff's objection based upon the number of interrogatories is overruled;

w. Identify persons having knowledge of facts relating to specified interrogatories as requested in Interrogatory No. 29. Plaintiff's objection based upon the number of interrogatories is overruled; and

x. Provide information relating to statements as requested in Interrogatory No. 30. Plaintiff's objection based upon the number of interrogatories is overruled.

5. Plaintiff shall provide full and complete responses to defendant's First Set of Interrogatories and shall provide all documents and things responsive to the First Request to Produce Documents and Tangible Things from defendant Air Line Pilots Association. Responses shall be produced and served on defendant in a manner that ensures defendant's receipt on or before December 12, 2000.

6. Plaintiff shall deliver full and complete responses to defendant's outstanding discovery requests served October 27, 2000, upon defendant on or before December 12, 2000.

7. To the extent that plaintiff seeks to assert privilege regarding a document, a privilege log shall be disclosed which identifies and describes each document with sufficient specificity to permit evaluation of the privilege assertion by the defendant.

8. The deadline for filing of dispositive motions is extended to April 1, 2001. Ready for trial date is extended to August 1, 2001.

9. Defendant's request for reasonable fees and expenses relating to deposition scheduling and this motion to compel is denied.

Dated: 12/6/00

Arthur J. Boylan
United States Magistrate Judge